**ROBERT S. SOLA**
Oregon State Bar No. 84454
rssola@msn.com
Robert S. Sola, P.C.
8835 S.W. Canyon Lane, Suite 130
Portland, Oregon 97225
Telephone (503) 295-6880
Facsimile (503) 291-9172
        Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ERICA ALVAREZ**, | Civil No. 3:13-cv-02284 |
| Plaintiff, | COMPLAINT |
| v. | (Fair Credit Reporting Act) |
| **EXPERIAN INFORMATION SOLUTIONS, INC.**, a foreign corporation, **EQUIFAX INFORMATION SERVICES, LLC**, a foreign corporation, **CSC CREDIT SERVICES, INC.,** a foreign corporation, and **PARAMOUNT RECOVERY SYSTEMS,** a foreign corporation, | Jury Trial Requested |
| Defendants. | |

1.

The court has jurisdiction under 15 U.S.C. § 1681p.

2.

Plaintiff Erica Alvarez ("plaintiff") is a consumer as defined by the Fair Credit Reporting

Act (FCRA), 15 U.S.C. § 1681a(c).

Page  1 - COMPLAINT

3.

Defendant Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency as defined by FCRA, 15 U.S.C. § 1681a(f).

4.

Defendant Equifax Information Services, LLC ("Equifax") is a consumer reporting agency as defined by FCRA, 15 U.S.C. § 1681a(f).

5.

Defendant CSC Credit Services, Inc. ("CSC") is a consumer reporting agency as defined by FCRA, 15 U.S.C. § 1681a(f).  CSC shares a database with Equifax and responded to disputes by plaintiff made to Equifax.  At all times material, CSC acted as the agent for, or as a joint venturer with, Equifax.  In 2013, Equifax merged with CSC.

6.

Defendant Paramount Recovery Systems ("Paramount Recovery") is a person who furnishes information to consumer reporting agencies under FCRA, 15 U.S.C. § 1681s-2.

7.

Experian prepared and issued credit reports concerning plaintiff that include inaccurate information.  Plaintiff notified Experian that she disputed the accuracy of the information.  Experian continued to report inaccurate information.

8.

Equifax and CSC prepared and issued credit reports concerning plaintiff that include inaccurate information.  Plaintiff notified Equifax and CSC that she disputed the accuracy of the information.  Equifax and CSC continued to report inaccurate information.

9.

Plaintiff notified Experian, Equifax and/or CSC that it was reporting Paramount

Recovery accounts that did not belong to her.  Experian, Equifax and/or CSC notified Paramount

Recovery of plaintiff's dispute.  In response, Paramount Recovery did not tell Experian, Equifax

and/or CSC to remove the accounts from plaintiff's credit reports.

FIRST CLAIM FOR RELIEF

(against Experian)

(Negligent Noncompliance with FCRA)

10.

Plaintiff realleges and incorporates paragraphs 1 though 9.

11.

Experian negligently failed to comply with the requirements of FCRA.

12.

As a result of Experian's failure to comply with the requirements of the FCRA, plaintiff

has suffered and continues to suffer, actual damages, including economic loss, denial of credit,

lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress

and interference with plaintiff's normal and usual activities for which plaintiff seeks damages in

an amount to be determined by the jury.

13.

Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681o(a).

SECOND CLAIM FOR RELIEF

(against Experian)

(Willful Noncompliance with FCRA)

14.

Plaintiff realleges and incorporates paragraphs 1 though 9.

15.

Experian willfully failed to comply with the requirements of FCRA.

16.

As a result of Experian's failure to comply with the requirements of the FCRA, plaintiff

has suffered and continues to suffer, actual damages, including economic loss, denial of credit,

lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress

and interference with plaintiff's normal and usual activities for which plaintiff seeks damages in

an amount to be determined by the jury.  Plaintiff also seeks punitive damages in an amount to

be determined by the jury.

17.

Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681n(a).

THIRD CLAIM FOR RELIEF

(against Equifax)

(Negligent Noncompliance with FCRA)

18.

Plaintiff realleges and incorporates paragraphs 1 though 9.

19.

Equifax negligently failed to comply with the requirements of FCRA.

Page  4 - COMPLAINT

20.

As a result of Equifax's failure to comply with the requirements of the FCRA, plaintiff

has suffered and continues to suffer, actual damages, including economic loss, denial of credit,

lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress

and interference with plaintiff's normal and usual activities for which plaintiff seeks damages in

an amount to be determined by the jury.

21.

Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681o(a).

FOURTH CLAIM FOR RELIEF

(against Equifax)

(Willful Noncompliance with FCRA)

22.

Plaintiff realleges and incorporates paragraphs 1 though 9.

23.

Equifax willfully failed to comply with the requirements of FCRA.

24.

As a result of Equifax's failure to comply with the requirements of the FCRA, plaintiff

has suffered and continues to suffer, actual damages, including economic loss, denial of credit,

lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress

and interference with plaintiff's normal and usual activities for which plaintiff seeks damages in

an amount to be determined by the jury.  Plaintiff also seeks punitive damages in an amount to

be determined by the jury.

25.

Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681n(a).

FIFTH CLAIM FOR RELIEF

(against CSC)

(Negligent Noncompliance with FCRA)

26.

Plaintiff realleges and incorporates paragraphs 1 though 9.

27.

CSC negligently failed to comply with the requirements of FCRA.

28.

As a result of CSC's failure to comply with the requirements of the FCRA, plaintiff has

suffered and continues to suffer, actual damages, including economic loss, denial of credit, lost

opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and

interference with plaintiff's normal and usual activities for which plaintiff seeks damages in an

amount to be determined by the jury.

29.

Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681o(a).

SIXTH CLAIM FOR RELIEF

(against CSC)

(Willful Noncompliance with FCRA)

30.

Plaintiff realleges and incorporates paragraphs 1 though 9.

31.

CSC willfully failed to comply with the requirements of FCRA.

32.

As a result of CSC's failure to comply with the requirements of the FCRA, plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with plaintiff's normal and usual activities for which plaintiff seeks damages in an amount to be determined by the jury.  Plaintiff also seeks punitive damages in an amount to be determined by the jury.

33.

Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681n(a).

SEVENTH CLAIM FOR RELIEF

(against Paramount Recovery)

(Negligent Noncompliance with FCRA)

34.

Plaintiff realleges and incorporates paragraphs 1 though 9.

35.

Paramount Recovery negligently failed to comply with the requirements of FCRA.

36.

As a result of Paramount Recovery's failure to comply with the requirements of the FCRA, plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy,

emotional distress and interference with plaintiff's normal and usual activities for which plaintiff seeks damages in an amount to be determined by the jury.

37.

Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681o(a).

EIGHTH CLAIM FOR RELIEF

(against Paramount Recovery)

(Willful Noncompliance with FCRA)

38.

Plaintiff realleges and incorporates paragraphs 1 though 9.

39.

Paramount Recovery willfully failed to comply with the requirements of FCRA.

40.

As a result of Paramount Recovery's failure to comply with the requirements of the FCRA, plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with plaintiff's normal and usual activities for which plaintiff seeks damages in an amount to be determined by the jury.  Plaintiff also seeks punitive damages in an amount to be determined by the jury.

41.

Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681n(a).

Plaintiff requests a jury trial on all claims.

Prayer

WHEREFORE, plaintiff prays for judgment against defendants as follows:

Page  8 - COMPLAINT

On the First Claim for Relief:

1. Actual damages to be determined by the jury; and

2. Attorney fees.

On the Second Claim for Relief:

1. Actual damages to be determined by the jury;

2. Punitive damages to be determined by the jury; and

3. Attorney fees.

On the Third Claim for Relief:

1. Actual damages to be determined by the jury; and

2. Attorney fees.

On the Fourth Claim for Relief:

1. Actual damages to be determined by the jury;

2. Punitive damages to be determined by the jury; and

3. Attorney fees.

On the Fifth Claim for Relief:

1. Actual damages to be determined by the jury; and

2. Attorney fees.

On the Sixth Claim for Relief:

1. Actual damages to be determined by the jury;

2. Punitive damages to be determined by the jury; and

3. Attorney fees.

On the Seventh Claim for Relief:

1. Actual damages to be determined by the jury; and

2. Attorney fees.

On the Eighth Claim for Relief:

1. Actual damages to be determined by the jury;

2. Punitive damages to be determined by the jury; and

Page 9 - COMPLAINT

3. Attorney fees.

On All Claims for Relief:

1. Costs and expenses incurred in the action.


DATED this 23rd day of December 2013.

Respectfully submitted,

/s/ Robert S. Sola
Robert S. Sola, OSB# 84454
rssola@msn.com
(503) 295-6880
(503) 291-9172 (fax)
Attorney for Plaintiff

Page  10 - COMPLAINT